SECOND DEPARTMENT, OCTOBER, 1969

(October 2, 1969) ■

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS H. FOREMAN, Relator, v. J. LELAND CASSCLES, as Warden of Sing Sing Prison, Respondent.— Application by relator for a writ of habeas corpus, denied. Application for poor person relief and for assignment of counsel denied as academic. Christ, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

FIRST DEPARTMENT, JANUARY, 1970

(January 6, 1970)

■ STATE COMMISSION FOR HUMAN RIGHTS, on the Complaint of NEW YORK URBAN LEAGUE and Another, Appellant, v. EDMUND M. SPEER, JR., as Trustee Under the Will of EDMUND M. SPEER, Deceased, et al., Respondents.— Application pursuant to section 298 of the Human Rights Law [Executive Law] transferred to the Appellate Division, Second Department, for review and determination, pursuant to CPLR 5711. Concur — McGivern, J. P., Markewich, Nunez, McNally and Tilzer, JJ.

(January 15, 1970)

■ In the Matter of EDWIN McKEON et al., Respondents, v. THOMAS F. McCOY, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Appellant.— Order entered May 20, 1969, granting petitioners' application for judgment to the extent of ordering a hearing on the petition is unanimously reversed on the law and the petition dismissed, without costs or disbursements, and without prejudice to a further petition. Petitioners, presently classified as Court Clerk I in the Civil Court, seek an order reclassifying them as Court Clerk II. There are 37 petitioners. The order of reclassification became effective July 1, 1966. If petitioners' application is based on that order, it is clearly barred by the four-month statute of limitations. If it is based on the particular application of that order to each individual petitioner, the petition is defective as it fails to set forth the situation in regard to the individual petitioners. It appears that certain petitioners took administrative appeals, some of which have been decided and some of which are still pending. The petition is barren of any facts from which it can be determined whether petitioners' grievances arise from the reclassification order itself or from a claimed improper application of that order, and, if the latter, which petitioners are affected and the date on which the order became effective as to them. Should petitioners, or any of them, be so advised, they may institute a new petition setting forth the relevant facts as to each petitioner involved. Concur — Capozzoli, J. P., McGivern, Steuer and Tilzer, JJ.